IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FLORRIE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-165 |
| | ) | |
| COLUMBIA COUNTY, GEORGIA; CLAY | ) | |
| N. WHITTLE, Columbia County Sheriff in | ) | |
| his Official Capacity; JOHN DOES 1-6; | ) | |
| JANE DOES 1-6; and XYZ | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Plaintiff filed this action regarding her alleged mistreatment during her arrest and incarceration at Columbia County Detention Center. (Doc. no. 1-5.) In addition to the specifically identified Defendants, Plaintiff also named John Does 1-6 and Jane Does 1-6 as Defendants in her complaint. (Id.) Plaintiff now seeks to substitute Jennifer Sturkey and Miriam Dunne for Jane Does 1 and 2 and Gilbert Lopez for John Doe 1. (Doc. nos. 11, 15). For the reasons set forth below, the Court **DENIES** Plaintiff's Motions to Substitute. (Id.)

## I.     PROCEDURAL HISTORY

Plaintiff brought this action in Columbia County Superior Court on August 24, 2016, under 42 U.S.C. § 1983 and Georgia state law. (Doc. no. 1-5.) Plaintiff alleged she was denied medical treatment for her diabetes, which resulted in a seizure, was sprayed in the face with a delousing agent, and was exposed to male deputies and inmates while being

showered during her arrest and subsequent incarceration at the Columbia County Detention Center. (Id.) Plaintiff named as Defendants (1) Columbia County, Georgia; (2) Clay N. Whittle, Columbia County Sheriff; (3) John Does 1-6; and (4) Jane Does 1-6. (Id.) Defendants timely removed the case to federal court on September 30, 2016. (Doc. no. 1.)

On November 9, 2016, Defendants Columbia County and Sherriff Whittle provided Plaintiff with the required disclosures under Fed. R. of Civ. P. 26 and documents Bates-stamped numbers Defendant 0001 through 0074. (Doc. no. 14-1, Ex. A.) These disclosures included an internal investigative report identifying Nurse Sturkey as the medical professional who treated Plaintiff and Deputy Jailer Dunne as the officer who required Plaintiff to take a shower and sprayed her with Liceall Shampoo. (Doc. no. 14-2, Ex. B.) These disclosures also included handwritten witness statements from Jennifer Sturkey, LPN and Miriam C. Dunne describing their interactions with Plaintiff. (Doc. no. 14-3, Ex. C.)

On November 18, 2016, Defendants responded to Plaintiff's First Interrogatories and identified Miriam C. Dunne and Nurse Jennifer Sturkey as witnesses. (Doc. no. 14-4, Ex. D, pp. 2-3.) Defendants further identified Nurse Sturkey as the person who "provided medical care to the plaintiff while the plaintiff was incarcerated at the Columbia County Detention Center." (Id. at 3.) Defendants also gave the following description of Miriam Dunne's involvement:

> Miriam Dunne was the officer responsible for preparing the plaintiff for housing in the Detention Center, which included showering[,] clothing exchange and delousing. During this process, lice control shampoo (sometimes referred to as "Lice-All") was accidentally sprayed into the plaintiff's eyes. The plaintiff showered and washed away any shampoo that may have sprayed into her eyes.

(Id. at 5.)

Between the complaint filing and Plaintiff's deposition on March 28, 2017, Plaintiff discovered information indicating Gilbert Lopez, a male officer, assisted with the strip search of Plaintiff and physically touched her during the search. (See doc. no. 15, pp. 1-2, n.1.) Plaintiff testified extensively during her deposition as to Mr. Lopez's identity and involvement in the shower incident. (Doc. no. 16-1, Ex. A.)

In the meantime, on November 10, 2016, the Court issued a scheduling order based on the parties' Rule 26(f) Report setting November 29, 2016 as the last day for filing motions to amend or add parties. (Doc. no. 8.) Although the parties have requested several extensions to complete discovery, (doc. nos. 9, 12), neither party ever requested nor has the Court ever granted an extension of the deadline for amendment.

On April 6, 2017, more than four months after the deadline for amendment, Plaintiff filed the instant motion seeking to amend her complaint and substitute Jennifer Sturkey and Miriam Dunne for Jane Does 1 and 2. (Doc. no. 11.) Defendants opposed the motion on the grounds Plaintiff has not shown the requisite "good cause" for amendment after a scheduling order deadline and any amendment would be futile because the statute of limitations has run. (See doc. no. 14.) On June 2, 2017, Plaintiff filed her reply brief combined with a second motion to substitute Gilbert Lopez for John Doe 1. (Doc. no. 15.) Plaintiff contends the identity of Ms. Sturkey, Ms. Dunne, and Mr. Lopez were not disclosed until after the statute of limitations had run and that she properly preserved her claims against any unnamed Defendants by naming John Does 1-6 and Jane Does 1-6. (See id.) Plaintiff further argues it would have been impossible for her to investigate every witness named in the initial

3

disclosures by the scheduling deadline set by the Court.  (Id.)  Defendants oppose Plaintiff's second motion on the same grounds as the first.  (See doc. no. 16.)

## II.    DISCUSSION

### A.    Plaintiff Has Not Shown the Good Cause Necessary to Amend Her Complaint after the Scheduling Deadline.

A plaintiff seeking to amend her complaint after a deadline set by a scheduling order must demonstrate good cause under Federal Rule of Civil Procedure 16(b).  See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 (11th Cir. 2009); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998).  "Rule 16(b)'s good cause standard 'precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.'"  Pugh v. Kobelco Const. Mach. Am., LLC, 413 F. App'x 134, 135 (11th Cir. 2011) (quoting Sosa, 133 F.3d at 1418).

Here, Plaintiff has not shown the requisite amount of diligence.  Plaintiff filed her Motions to Substitute on April 6, 2017 and May 19, 2017 respectively, more than four months after the deadline set by this Court's Scheduling Order.  She claims she was diligent because she filed them soon after "[t]he parties . . . completed the deposition of Plaintiff and Miriam Dunne on March 28, 2017" and "Mr. Lopez's deposition [on] May 16, 2017. . . ." (Doc. no. 11, p. 2; doc. no. 15, p. 2, n.1.)  However, Plaintiff was informed by Defendants on November 9, 2016 and November 18, 2016 that Ms. Dunne was the jailer who sprayed Plaintiff with Liceall in the shower and Ms. Sturkey was the nurse who treated Plaintiff for her diabetes.  Defendants even provided written reports from Ms. Dunne and Ms. Sturkey

detailing their version of the events. The identifying facts in these disclosures, interrogatory responses, and reports line up with Plaintiff's Jane Doe allegations in her complaint.

Plaintiff asserts she should not be "required . . . to name every individual listed as a witness in initial disclosures before they were given the opportunity to investigate their relation to Plaintiff's claims." (Doc. no. 15, p. 3.) However, Plaintiff had ample opportunity to investigate and add Ms. Dunne and Ms. Sturkey after Defendants provided the identifying disclosures and interrogatory answers. Indeed, if Plaintiff needed more time to identify essential parties, she could have requested the Court extend the deadline to add parties, as the parties did for several other deadlines.

Furthermore, although it is uncertain exactly how or when Plaintiff obtained this information, Plaintiff on March 28, 2017 identified Mr. Lopez as the male officer who was present during her shower and strip search. Not only did Plaintiff wait nearly two months after this date to add Mr. Lopez, she also failed to include him in her first motion to substitute on April 6, 2017, well after she identified him in her deposition. Plaintiff's delay in seeking to add Ms. Sturkey, Ms. Dunner, and Mr. Lopez constitutes a lack of diligence, and precludes her attempt to avoid the Court's scheduling deadline. See Donley v. City of Morrow, Georgia, 601 F. App'x 805, 811 (11th Cir.), *cert. denied sub nom.* Mathis v. City of Morrow, Ga., 136 S. Ct. 502, 193 L. Ed. 2d 396 (2015) (holding no diligence where delay of over six months after knowledge of necessary facts and scheduling deadline); De Varona v. Disc. Auto Parts, LLC, 285 F.R.D. 671, 673 (S.D. Fla. 2012) (holding no diligence where party delayed until after deadline to copy important records); PeoplesSouth Bank v. Farmer & Malone, P.A., No. 1:11CV176-MHT, 2012 WL 1605707, at *2 (M.D. Ala. May 8, 2012)

(holding no diligence where party knew necessary depositions would occur after motion-to-amend deadline and did not ask to extend deadlines).

**B.      Plaintiff's Amendment Would Be Futile.**

Even if Plaintiff could show the good cause necessary to excuse her failure to comply with the Court's scheduling order, her amendment to substitute Ms. Sturkey, Ms. Dunne, and Mr. Lopez is futile.   Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading more than twenty-one days after serving it "with the opposing party's written consent or the court's leave."   Fed. R. Civ. P. 15(a)(2).   Courts should freely allow amendment.  See Carter v. Broward Cty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 923 (11th Cir. 2014) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  However, "[a] . . . court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment."  Muhammad v. Sapp, 494 F. App'x 953, 958 (11th Cir. 2012) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)).  An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted.  See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Here, Plaintiff's amendment would be futile because the statute of limitations has run on her claims.  It is "well-settled that § 1983 claims filed in Georgia are governed by the

same two-year statute of limitations for personal-injury actions." <u>Flowers v. Fulton Cty. Sch.</u> <u>Sys.</u>, 654 F. App'x 396, 401 (11th Cir. 2016) (citing <u>Williams v. City of Atlanta</u>, 794 F.2d 624, 626 (11th Cir. 1986)). Likewise, the statute of limitations for Plaintiff's state law claims is also two years. <u>See</u> O.C.G.A. § 9-3-33. Indeed, all parties agree the statute of limitations for Plaintiff's claims expired on September 12, 2016. (Doc. no. 14, p. 5; doc. no. 15, p. 2, n.2.) However, Plaintiff argues, despite the expiration of the statute of limitations, she properly preserved her claims against Ms. Sturkey, Ms. Dunne, and Mr. Lopez by naming John Does 1-6 and Jane Does 1-6 as party Defendants in her initial complaint. (<u>See</u> doc. no. 11, pp. 2-3; doc. no. 15, pp. 3-4.)

Generally, an amendment changing the name of a party relates back to the original pleading if the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). However, "[a] plaintiff's amendment to identify parties previously designated as 'John Doe' defendants in the complaint does not relate back to the filing of the original complaint under Federal Rule of Civil Procedure 15 because the amendment is made to correct the plaintiff's lack of knowledge about whom to sue, not a mistake by the defendant in identifying the proper party." <u>Bloodworth v. United States</u>, 623 F. App'x 976, 979 (11th Cir. 2015) (citing <u>Wayne v. Jarvis</u>, 197 F.3d 1098, 1103-04 (11th Cir. 1999), *overruled in part on other grounds by* <u>Manders v. Lee</u>, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (en banc). As the Eleventh Circuit explained,

> [C]ommentary [to Rule 15] implies that the rule is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or

7

misidentification. Because [Plaintiff]'s lack of knowledge was not an error, a misnomer, or a misidentification, his amendment does not come within Rule 15(c)(3)(B). While we have stated that we read the word "mistake" in Rule 15(c) liberally, we do not read the word "mistake" to mean "lack of knowledge." For these purposes, ignorance does not equate to misnomer or misidentification.

Wayne, 197 F.3d at 1103 (11th Cir. 1999) (internal quotations and citations omitted).

Because merely changing the name of John and Jane Doe Defendants does not relate back to Plaintiff's original complaint, her claims against Ms. Stukey, Ms. Dunne, and Mr. Lopez fall outside the two-year statute of limitations that expired on September 12, 2016. Accordingly, these parties would be ripe for dismissal if added, and amendment by Plaintiff to add them is futile and should be denied. See Coventry First, LLC, 605 F.3d at 870.

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motions to Substitute. (Doc. nos. 11, 15.)

SO ORDERED this 5th day of July, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA